# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTY OF ESSEX, NOVEMBER TERM 1856, AT SALEM.

———

**PRESENT :**

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY, ⎫
HON. THERON METCALF, ⎪
HON. GEORGE T. BIGELOW, ⎬ JUSTICES.
HON. BENJAMIN F. THOMAS, ⎭

---

## ALFRED PORTER & another *vs.* PATRICK SHEHAN.

The right of the public to take shell fish from flats between high and low water mark and within one hundred rods of the upland does not carry with it any right to take the soil, or dead shell fish imbedded therein, except as necessarily adhering to the living shell fish taken.

ACTION OF TORT for breaking and entering the plaintiff's close, situated at the junction of Bass River and Porter's River in Beverly, and digging up the soil and carrying away five cords of muscle mud, and converting it to the defendant's use. Answer, that the defendant, in common with all other citizens of the Commonwealth, had a right of free fishery in said close,

and in the exercise of such right did the acts complained of. The parties agreed upon the following statement of facts :

" The plaintiffs are owners of the close described in their declaration, the upland of which is situated at the junction of Bass and Porter's Rivers. The alleged trespass was committed on the flats adjoining said upland, within one hundred rods of high water mark, and within the ebb and flow of the tide. The defendant came upon the premises when the tide was up, with his scow or gondola, and having moored it there, waited till the tide had ebbed and left the flats bare. He then filled his scow with what is called ' muscle bed,' consisting of living and dead shell fish of the species known as muscles, and the soil or clay in which they were found, as described below. These fish do not imbed themselves in the soil, but attach themselves to it, and form large clusters, upon which the sediment of the two rivers is brought down at their conflux, and retained. The article taken is not more than one third shells, the remainder being mud and clay. This substance is highly esteemed as a manure, for which purpose only has it any value, and for which purpose only was it taken by the defendant. The locus is close to the edge of the channel of Bass River, near the point of junction with the other channel, and is very valuable to the plaintiffs, if they have the exclusive right to take this substance from it.

" If on these facts the court are of opinion that this action can be maintained, the defendant is to be defaulted, and damages are to be assessed by a jury, unless the parties agree ; otherwise, the plaintiffs are to become nonsuit."

*S. B. Ives, Jr.* for the plaintiffs.

*S. H. Phillips*, for the defendant. The public have the right of free fishery on flats between high and low water mark, and within one hundred rods of the upland ; this right extends to all shell fish, as well those which lie upon the surface, as those which are imbedded in the soil ; and the exercise of the right is not limited to the taking of fish for any particular purpose. *Weston* v. *Sampson*, 8 Cush. 347. *Bagott* v. *Orr*, 2 Bos. & Pul. 472. *Martin* v. *Waddell*, 16 Pet. 414. The right to take the fish must give the right to dig up, disturb and carry away the

soil upon and about the fish, so far as is necessary to the fair and reasonable exercise of the first right.

SHAW, C. J. The defendant, in virtue of the common right of fishery in the sea and on the sea shore, had no right to take the soil, or fish shells, part of the soil, except as slight portions of the soil would necessarily and ordinarily be attached to shell fish, when taken. No such public right exists, to take the soil of flats belonging to the proprietor of upland bounding on the sea, to be used as manure, although some living shell fish may be mixed in it. . *Defendant defaulted.*